# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL CORDARO,<br>                Appellant, | DOCKET NUMBER<br>NY-0432-18-0217-I-1 |
|        v. | |
| DEPARTMENT OF DEFENSE,<br>                Agency. | DATE: August 25, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Cordaro, Rochester, New York, pro se.

Temple L. Wilson, Fort Belvoir, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal for unacceptable performance pursuant to 5 U.S.C. chapter 43 and denied his affirmative defense of sex discrimination. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. We DENY the petition for review on the grounds of res judicata and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Pursuant to 5 U.S.C. chapter 43, the agency removed the appellant for unacceptable performance in three critical elements of his position as an auditor with the Defense Contract Audit Agency. Initial Appeal File (IAF), Tab 5 at 16-19, Tab 16 at 6. On September 20, 2018, the appellant timely filed a mixed-case appeal. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision on May 21, 2019, which affirmed the performance-based removal action and denied the appellant's affirmative defense of sex discrimination. IAF, Tab 74, Initial Decision. On June 23, 2019, the appellant filed a petition for review, challenging the administrative judge's findings about the elements of the removal action and his discrimination claim. Petition for Review (PFR) File, Tab 3.

¶3 Subsequently, on June 28, 2019, the appellant appealed the initial decision to the U.S. Court of Appeals for the Federal Circuit. PFR File, Tab 9 at 11-12. The appellant filed an exact copy of his petition for review in his appeal to the

Federal Circuit. PFR File, Tab 3 at 4-31, Tab 9 at 13-40. The Federal Circuit issued an order to show cause, noting that the appellant had a pending petition for review before the Board, and therefore it might not yet have jurisdiction over the case in the absence of a final order or decision of the Board. PFR File, Tab 9 at 58-59. The Federal Circuit noted that, if the appellant wished to proceed before the court rather than the Board, he could file a motion with the Board to withdraw his petition for review. *Id.* at 59. Although the Federal Circuit ordered the parties to show cause why the case should not be dismissed as premature, the appellant did not respond. *Id.* at 59, 62. He also did not file a motion to withdraw his petition for review with the Board.

¶4        On August 16, 2019, the Federal Circuit issued a decision finding that, pursuant to *Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975, 1985 (2017), it lacked jurisdiction over the appellant's mixed-case appeal involving a sex discrimination claim. *Id.* at 62-63. The Federal Circuit transferred the case to the U.S. District Court for the Western District of New York (Western District of New York), stating that it lacked jurisdiction over the mixed-case appeal of a personnel action and discrimination claim, which must be pursued in Federal district court. *Id.* at 63. The Federal Circuit noted that, although the agency had argued that the court should dismiss the appeal as premature, the district court may have jurisdiction despite the pending petition for review before the Board under 5 U.S.C. § 7702(e)(1)(B), which permits an employee to file a civil action if there has been no judicially reviewable action more than 120 days after filing his Board appeal involving a discrimination claim. *Id.* at 62-63.

¶5        The case was docketed by the Western District of New York. *Id.* at 135-41. On September 9, 2021, the district court granted the agency's motion for summary judgment. *Id.* at 95, 120. The judge found that there was no basis for disturbing the Board's determination, in this case the initial decision, affirming the chapter 43 removal pursuant to 5 U.S.C. § 7703(c). *Id.* at 116-17. The judge

found that the agency was entitled to summary judgment on the claim of sex discrimination because the appellant did not meet his initial burden of establishing a prima facie case of discrimination. *Id.* at 109-16. The judge agreed with the agency that the appellant could not establish that the agency removed him from his employment under circumstances giving rise to an inference of discriminatory intent. *Id.* at 111. On October 6, 2021, the appellant filed an appeal of the district court's decision with the U.S. Court of Appeals for the Second Circuit, arguing that the district court had failed to address his disability discrimination claim. *Id.* at 122, 124.

¶6  On March 11, 2022, the agency filed a motion to dismiss the petition for review with prejudice. PFR File, Tab 9 at 4-7. The agency argued that the appellant had availed himself of the statutory right to seek review in Federal district court when more than 120 days had elapsed since the filing of his Board appeal without a final decision. *Id.* at 6. The agency asserted that the appellant's petition for review was barred under the doctrine of collateral estoppel and should be dismissed in the interest of judicial efficiency and economy. *Id.* at 7.

¶7  The appellant filed a response and motion for sanctions, arguing that his petition for review remained pending before the Board. PFR File, Tab 10 at 4-5. He challenged the agency's characterization of his affirmative defense as only sex discrimination and argued that, as of the issuance of the initial decision, his "claims of hostile work environment and disability discrimination had not even been investigated, let alone reviewed and decided upon" by the Board. *Id.* at 6. He also submitted extensive documentation concerning a separate equal employment opportunity (EEO) complaint. *Id.* at 9-124. We further address the agency's motion below and deny the appellant's motion in light of our finding that the petition for review is barred by res judicata.

## DISCUSSION OF ARGUMENTS ON REVIEW

The petition for review is barred by res judicata.

¶8        Under 5 U.S.C. § 7702(e)(1)(B), an employee may file a civil action in Federal court if there is no final order more than 120 days after the filing of a mixed-case appeal with the Board involving an allegation of prohibited discrimination. In its order transferring the appellant's case to the Western District of New York, the Federal Circuit noted that, despite the fact that the appellant had a pending petition for review before the Board, the district court may have jurisdiction over the matter pursuant to this statutory provision. PFR File, Tab 9 at 63. The Board has held that an appellant may exercise his right to file a civil action under 5 U.S.C. § 7702(e)(1)(B) and simultaneously pursue a mixed-case appeal before the Board and a U.S. district court. *Hooker v. Department of Veterans Affairs*, 122 M.S.P.R. 551, ¶ 6 (2015).

¶9        Here, the appellant challenged the May 21, 2019 initial decision affirming his performance-based removal and denying his affirmative defense of discrimination both in a petition for review with the Board and a civil action. He filed his Board appeal challenging his removal on September 20, 2018. IAF, Tab 1. More than 120 days later, and 5 days after he filed his petition for review, he appealed the initial decision to the Federal Circuit on June 28, 2019, which transferred the matter to the Western District of New York. PFR File, Tab 3, Tab 9 at 11-12. Therefore, we find that the appellant exercised his right under 5 U.S.C. § 7702(e)(1)(B) to file a civil action in U.S. district court and that the Western District of New York had jurisdiction to consider both the performance-based removal and discrimination claim. *See Hooker*, 122 M.S.P.R. 551, ¶ 9.

¶10       The agency argues that the appellant's petition for review is barred by collateral estoppel because the district court granted summary judgment in favor of the agency on both the removal action and discrimination affirmative defense. PFR File, Tab 9 at 5, 7. Collateral estoppel, or issue preclusion, is appropriate

under the following circumstances:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action.  *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).  For the following reasons, we find that the elements for applying res judicata are present in this appeal.

¶11        Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties based on the same cause of action.  *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 10 (2011); *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action and is applicable if:  (1) the prior action was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties were involved in both cases.  *Encarnado*, 116 M.S.P.R. 301, ¶ 10; *Peartree*, 66 M.S.P.R. at 337.  Here, the appellant raised the same issues, concerning his performance-based removal under chapter 43 and affirmative defense of sex discrimination, in his petition for review before the Board and his judicial filing.  PFR File, Tab 3 at 4-31, Tab 9 at 13-40.  In fact, the appellant filed an exact copy of his petition for review in his appeal to the Federal Circuit.  PFR File, Tab 3 at 4-31, Tab 9 at 13-40.

¶12        The present appeal, on petition for review, satisfies all three elements of the doctrine of res judicata.  The U.S. district court was a forum with competent jurisdiction under 5 U.S.C. § 7702(e)(1)(B) since more than 120 days had passed since the appellant's filing of his initial appeal with the Board and a final decision had not been issued.  *See Hooker*, 122 M.S.P.R. 551, ¶ 10.  The district

court's order granting the agency's motion for summary judgment on both the performance-based removal and discrimination claim was a final decision on the merits. IAF, Tab 9 at 95-118; *see New v. Department of Veterans Affairs*, 99 M.S.P.R. 404, ¶ 31 (2005) (finding that the Board was precluded by the doctrine of res judicata from revisiting the appellant's discrimination and retaliation claims for which a U.S. district court had granted summary judgment on behalf of the agency). Finally, the same cause of action and the same parties were involved in both the civil action and Board appeal. *See Frias v. U.S. Postal Service*, 63 M.S.P.R. 276, 280, *aff'd*, 43 F.3d 1486 (Fed. Cir. 1994) (Table) (stating that, for the purposes of res judicata, a cause of action is the set of facts that gives an appellant the right to seek relief from an agency).

¶13        The appellant asserts that his petition for review "remains valid and open." PFR File, Tab 10 at 5. However, because the Board finds that the appellant's claim challenging his performance-based removal and his sex discrimination claim are barred by res judicata, we do not address any of his specific arguments on review regarding the purported erroneous findings or omissions made by the administrative judge in the initial decision. PFR File, Tab 3 at 4-28. The appellant's election to file a civil action under 5 U.S.C. § 7702(e)(1)(B) and the district court's issuance of a final decision on the merits precludes the Board from considering his petition for review. *See Hooker*, 122 M.S.P.R. 551, ¶ 12. Finally, the additional discrimination claims to which he refers on review, arguing that they had not been investigated in the EEO process "as of the issuance of the initial decision," are outside the scope of the present appeal and seem to concern a separate EEO complaint for which both the appellant and the agency submitted documentation into the record. PFR File, Tab 9 at 68-93, 168-75, 188-90, Tab 10 at 5, 9-124.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____, 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.